■ In the Matter of A. ALFRED GARDNER, Petitioner, v. NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.— Proceeding pursuant to CPLR article 78 to review and annul a determination of respondent New York City Transit Authority, dated March 3, 1967. Determination confirmed and . petition dismissed on the merits as to said respondent, without costs and without opinion; and petition dismissed as to respondent Civil Service Commission, without costs, for failure to state a cause of action against it. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ In the Matter of WESTCHESTER REFORM TEMPLE, Petitioner, v. FREDERICK W. BROWN et al., Constituting the Planning Commission of the Village of Scarsdale, Respondents.— Proceeding pursuant to CPLR article 78 to annul a determination of the Planning Commission of the Village of Scarsdale requiring petitioner to provide, *inter alia*, a 130-foot front yard set back and a 40-foot side yard with respect to petitioner's proposed expansion of its existing Temple and disapproving petitioner's site plan for failure to conform to such requirements. Determination annulled, with costs, and respondents directed to approve petitioner's application and site plan. In our opinion, the zoning ordinance as amended, though not invalid on its face (see, *Matter of Westchester Reform Temple* v. *Griffin*, 29 A D 2d 672), has been applied in a manner so arbitrary and unreasonable under the circumstances of this case as to result in an invasion of property rights and an interference with the free exercise of religious worship (*Matter of Diocese of Rochester* v. *Planning Bd.*, 1 N Y 2d 508, 521; *Matter of Community Synagogue* v. *Bates*, 1 N Y 2d 445, 458). The restrictions imposed on petitioner's proposed expansion bear no substantial relation to the promotion of the public health, safety, morals or general welfare of the community and must be annulled (*Matter of Diocese of Rochester* v. *Planning Bd.*, *supra*, p. 526). Brennan, Acting P. J., Hopkins and Munder, JJ., concur. Rabin and Benjamin, JJ., concur in result and on the ground that in their view the zoning ordinance amendments in question are unconstitutional, as concluded in the dissenting opinion by Benjamin, J., in *Matter of Westchester Reform Temple* v. *Griffin* (29 A D 2d 672).

■ SADIE LA MACCHIA, as Administratrix of the Estate of JOHN LA MACCHIA, Deceased, Respondent, v. ELIZABETH GROSS et al., Appellants.— Order of the Supreme Court, Kings County, dated August 14, 1967, which, after a pretrial hearing, directed that the action be preferred for trial, pursuant to rule 8 of the rules of said court, reversed and preference vacated, with $10 costs and disbursements. In our opinion the record does not contain convincing or sufficient evidence to show that defendants, at the pretrial conference, acted arbitrarily and not in good faith with respect to settlement of the action (*Marcus* v. *Schwartz*, 26 A D 2d 943; *Paul* v. *Greyhound Bus Corp.*, 25 A D 2d 527; *Stashin* v. *City of New York*, 22 A D 2d 685; *Wuest* v. *Redhill Associates*, 20 A D 2d 818; *Lee* v. *Dunkley*, 28 A D 2d 996; *Wolff* v. *Laverne, Inc.*, 17 A D 2d 213). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.